UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 97 CR 50026-02 |
| | ) | Judge Philip G. Reinhard |
| SOLOMON MONTAGUE | ) | |

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

On January 11, 2012, defendant SOLOMON MONTAGUE filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines which lowered the base offense levels applicable to some, but not all, cocaine base ("crack") offenses. R. 735. For the reasons discussed below, this amendment is inapplicable because the defendant was sentenced to the statutory mandatory sentence of life imprisonment, and therefore, his sentence may not be reduced.

**BACKGROUND**

**1. Defendant's Conviction and Sentencing**

On October 8, 1998, defendant was sentenced to life imprisonment on Count One and to thirty years in prison on Count Sixteen, the terms of imprisonment to be served concurrently. R. 507. In imposing its sentence, the Court calculated defendant's offense level as follows:

| | |
|---|---|
| Drug quantity base offense level | 38[1] |
| Possession of a firearm | +2 |
| Physical restraint of a victim | +2 |
| Leadership role in the offense | +4 |
| | 46 |

The Court noted that pursuant to USSG, Chapter 5, Part A, comment. (n. 2), an offense level of more than 43 is to be treated as an offense level of 43, and accordingly reduced the offense level from 46 to 43 for purposes of sentencing.

The Court also found that defendant's prior criminal conduct placed him in Criminal History Category VI. With a combined offense level of 43 and Criminal History Category VI, the Court found that defendant's guideline range was life imprisonment. R. 507, Rule 32 Findings, p. 7. Because his offense involved more than 50 grams of cocaine base and because the government had filed an information pursuant to 21 U.S.C. § 851 stating that the defendant had previously been convicted of two felony drug offenses, the sentence of life imprisonment was the only sentence available pursuant to statute. 21 U.S.C. § 841(b)(1)(A). Upon direct appeal, his conviction and sentence were affirmed. *United States v. Cavender*, 228 F.3d 792 (7th Cir. 2000).

The defendant filed a previous § 3582(c) motion to reduce his sentence based on retroactive amendments to the crack cocaine Sentencing Guidelines set

---

[1] The Court found that the offenses involved over 1.5 kilograms of cocaine base in the form of crack. R. 507, Rule 32 Findings at p. 2-4.

forth in Amendment 706. R. 678. This Court denied the motion finding because defendant's original and amended Guidelines ranges were both life imprisonment, the district court was not authorized to grant a reduction; and because defendant was subject to a statutory mandatory sentence of life imprisonment, a reduction was not authorized. R. 708. Upon direct appeal, the Seventh Circuit affirmed this Court's denial of the motion. *United States v. Montague*, 333 Fed.Appx. 104, 2009 WL 1668622 (7th Cir. 2009). The Seventh Circuit found that as the defendant's statutory mandatory sentence was life imprisonment, he was ineligible for a sentence reduction. *Id.*

Now, the defendant has filed a second motion pursuant to § 3582(c), this time based on Amendment 750 to the Sentencing Guidelines. R. 735. Because the statute required that the defendant be sentenced to life imprisonment, the defendant's second § 3582(c) motion must fail as well.

**2.** **<u>18 U.S.C. § 3582(c), USSG §1B1.10, and Guideline Amendment 750</u>**

Title 18, United States Code, Section 3582(c) provides: "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)

3

to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In §1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2]

Revised Section 1B1.10(a), which became effective on November 1, 2011, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993).

4

      (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

  (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The next subsection, §1B1.10(b), provides in relevant part:

  (2)    <u>Limitation and Prohibition on Extent of Reduction</u>.—

      (A)    <u>Limitation</u>.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

      (B)    <u>Exception for Substantial Assistance</u>.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

In *Dillon v. United States*, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 2688. The Court affirmed that a two-step approach must be followed:

5

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 130 S.Ct. at 2691-92.

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") became effective, altering the statutory penalties applicable to cocaine base offenses. The FSA also directed the Sentencing Commission, within 90 days, to promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. The Commission did so, adopting Amendment 748, which, in part, lowered the offense levels in §2D1.1 for various quantities of crack cocaine. That

emergency amendment became effective on November 1, 2010, and did not apply retroactively.

Amendment 750 made permanent the adjustments to §2D1.1, effective November 1, 2011. The Commission voted to apply Amendment 750, part A (the part pertinent in this matter altering the offense levels applicable to quantities of crack cocaine) retroactively. Specifically, the Commission proposed to amend §1B1.10, effective November 1, 2011, to list Amendment 750, part A as retroactive. The proposal includes other alterations to §1B1.10 with regard to a sentencing court's authority to apply a retroactive amendment and lower a sentence.

In Amendments 748 and 750, the Commission generally changed the quantities of crack cocaine applicable to particular offense levels. The Commission tailored the drug quantity table to the 18:1 ratio enacted by Congress in the FSA. The Commission reasoned that this would conform the crack cocaine guideline penalties to the approach followed for all other drugs. *See* USSG, Supplement to App. C, Amend. 750. The final result of the amendment is a reduction of offense levels for many, but not all, crack offenses.

### ANALYSIS

The defendant's motion must be denied because he was sentenced to the only sentence available, life in prison. See 21 U.S.C. § 841(b)(1)(A) (requiring

7

mandatory life imprisonment where defendant committed offense involving more than 50 grams of cocaine base after committing two or more felony drug offenses (West. 1997 ed.)). The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that statutory minimum continues to apply. *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (*per curiam*) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."); *United States v. Neal*, 46 F.3d 1405, 1411 (7th Cir. 1995) (*en banc*) (holding that retroactive amendment "did not (and, in our view, could not) trump the statutory mandatory provisions"), *aff'd*, 516 U.S. 284 (1996); *see also* USSG §1B1.10 appl. n. 1(A) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."

Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive Guidelines amendment does not provide authority to alter that mandatory minimum sentence. *Neal*, 46 F.3d at 1411. Therefore, the defendant's motion should be denied.

It is true that, in addition to directing the Commission to promulgate new guidelines, the FSA revised the statutory penalties applicable to cocaine base offenses. Those revisions, however, are irrelevant to defendant's § 3582(c) motion. The statutory mandatory penalties are not guideline provisions that have been made retroactive, but statutory requirements. The Supreme Court has made clear that a court considering a motion under 18 U.S.C. § 3582(c)(2) may replace only the amended guideline in the sentencing calculus, and must leave all other determinations made at the original sentencing proceeding intact. *Dillon*, 130 S.Ct. at 2691. In other words, proceedings held pursuant to 18 U.S.C. § 3582(c) do not constitute full resentencings of the defendant. USSG §1B1.10(a)(3); *Dillon*, 130 S. Ct. at 2694.[3]

Any aspect of defendant's sentence that was not affected by Amendment 750 — and the statutory mandatory minimum penalty is one such aspect — is outside the scope of these proceedings. *See Dillon*, 130 S.Ct. at 2694. Section 1B.10(b)(1) provides that, in determining whether relief is available under Section 3582(c), the district court "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied

---

[3] The Ninth Circuit, in *United States v. Sykes*, 685 F.3d 1140, 1148 (9th Cir. 2011), made clear that a defendant is "'sentenced' only once" and there is no error in applying the pre-FSA statutory penalties in § 3582(c) proceedings, where the sentencing occurred prior to August 3, 2010.

9

when the defendant was sentenced and shall leave all other guideline application decisions unaffected." The determination of the applicable statutory minimum at the original sentencing was a "guideline application decision" that cannot be revisited in Section 3582(c) proceedings. See USSG §5G1.1(b), (c). The Sentencing Commission itself, in its synopsis of the amendment to Section 1B1.10(c) declaring Amendment 750 retroactive, stated: "It is important to note that the inclusion of Amendment 750 (Parts A and C) in § 1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the [FSA] retroactive."

In any event, defendant was sentenced on October 8, 1998, and the FSA's statutory penalties do not apply to defendants sentenced prior to August 3, 2010. *United States v. Bell*, 624 F.3d 803, 814-815 (7th Cir. 2010); *United States v. Powell*, 652 F.3d 702, 709-710 (7th Cir. 2011). The Supreme Court's decision in *Dorsey v. United States*, – S.Ct. –, 2012 WL 2344463 (2012) (holding that the FSA's statutory penalties apply to defendants sentenced after August 3, 2010), does not apply to defendants sentenced before August 3, 2010. Moreover, even under the revised statutory penalties, defendant's offense, involving 1,500 grams of crack cocaine, as increased by the 21 U.S.C. § 851 enhancement, still carries a mandatory sentence of life imprisonment. Therefore, the statutory mandatory penalty applicable to defendant remains life imprisonment.

Section 3582(c) does not afford defendant an opportunity to revisit the statutory minimum sentence applicable to him, and the motion should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion.

> Respectfully submitted,
>
> GARY S. SHAPIRO
> United States Attorney
>
> By: */s/ John G. McKenzie*
> JOHN G. McKENZIE
> Assistant United States Attorney
> 327 South Church Street, Suite 3300
> Rockford, Illinois 61101
> (815) 987-4444

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

United States' Response to Defendant's Motion for a
Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

was served on February 26, 2013, pursuant to the district court's ECF system as to ECF filers, if any, and a copy was sent by first-class mail addressed to:

Solomon Montague
No. 08712-424
USP Canaan
P.O. Box 300
Waymart, PA  18472


 /s/ John G. McKenzie
JOHN G. McKENZIE
Assistant United States Attorney
327 South Church Street - Room 3300
Rockford, Illinois 61101
(815) 987-4444