UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 97 CR 50026-2 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| SOLOMON MONTAGUE | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Defendant filed a motion for a sentence reduction based on the First Step Act. R. 888. For the following reasons, this Court should grant defendant's motion and reduce defendant's sentence to 360 months' imprisonment for Count One.

## BACKGROUND

Between March 1996 and July 1997, defendant conspired with numerous other individuals to possess and distribute crack cocaine. PSR at 3. After serving time in the Illinois Department of Corrections, defendant came to Rockford with instructions to consolidate the activities of all the Vice Lords in Rockford. *Id.* Defendant obtained crack cocaine from various sources and either personally sold crack cocaine or directed others to sell crack cocaine for the organization. *Id.*

In March 1997, defendant and four other coconspirators, known as the "Gang of Five," decided to pool their money together to purchase cocaine at a better price. PSR at 3. The Gang of Five sold crack cocaine in street level quantities (*i.e.* $10 and $20), which were grouped together into "packs." *Id.* The Gang of Five commonly grouped $300 worth of crack into a pack, which they referred to as a "$300 pack." *Id.*

During the course of the conspiracy, defendant and his coconspirators distributed more than 1.5 kilograms of crack cocaine. *Id*. at 5.

On December 2, 1997, defendant was charged in a superseding indictment with one count of conspiracy to possess with intent to distribute and distribute crack cocaine (Count One), and one count of possession with intent to distribute crack cocaine (Count Sixteen). PSR at 1-2. The superseding indictment, pre-*Apprendi*, did not include a mandatory minimum crack cocaine quantity. A jury found defendant guilty of both counts. *Id*. at 2.

The probation officer determined that defendant's conduct included more than 1.5 kilograms of crack cocaine, resulting in a base offense level of 38. PSR at 5. The probation officer recommended increasing defendant's offense level by 2 for possessing a dangerous weapon, 2 for physical restraint of a victim, and 4 for leadership, resulting in an adjusted offense level of 46. *Id*. at 6. The probation officer also determined that defendant had a Criminal History category of VI, resulting in a Guidelines range of Life. *Id*. at 15. On October 13, 1997, this Court sentenced defendant to Life on Count One and 30 years' imprisonment on Count Sixteen.

On May 27, 2008, defendant filed a motion for a sentence reduction pursuant to Amendment 706 to the Guidelines. R. 678. On December 11, 2008, this Court denied defendant's motion, finding that defendant was not eligible for a reduction because the amendment did not lower defendant's applicable Guidelines range of Life. R. 708.

On January 11, 2012, defendant filed a motion for a sentence reduction pursuant to Amendment 750 to the Guidelines. R. 735. On March 7, 2013, this Court denied defendant's motion, finding that defendant was not eligible for a reduction because the amendment did not lower defendant's applicable Guidelines range of Life and the Fair Sentencing Act of 2010 was not retroactive. R. 777.

On September 21, 2015, defendant filed a motion to reconsider his motion for a sentence reduction pursuant to Amendment 750. R. 824. On October 8, 2015, this Court denied defendant's motion because defendant's motion was untimely and because the government's decision not to withdraw the § 851 notice to seek statutory enhanced penalties doomed defendant's motion. R. 824.

## ARGUMENT

"The First Step Act gives a court discretion to reduce the sentence of a defendant previously convicted of a 'covered offense.'" *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020). A "covered offense" includes an offense committed before August 3, 2010, that is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* (citing Pub. L. No. 1150391, 132 State. 5194 § 404(b)). The Seventh Circuit has explained the process a court must take to address a motion brought pursuant to the First Step Act:

> A judge considering a motion for reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and 404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court "may" impose a reduced sentence.

3

*Shaw*, 957 F.3d at 736 (emphasis in original).

In *Shaw*, the Seventh Circuit held that to determine whether a defendant is eligible, "a court needs to look only at a defendant's statute of conviction, not to the quantities of crack involved in the offense." 957 F.3d. at 735. Essentially, "if a defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.*

Here, defendant was convicted of two crack cocaine offenses—conspiracy to possess with intent to distribute and distribute crack cocaine, and possession with intent to distribute crack cocaine. As such, defendant is eligible for this Court to consider whether to reduced his previously imposed terms of imprisonment. But, as the Seventh Circuit noted in *Shaw*, just because this Court may reduce a sentence does not necessarily mean that it should. In this case, however, the government believes this Court should reduce defendant's sentence to 360 months' imprisonment for Count One and keep defendant's sentence of 360 months' imprisonment for Count Sixteen.

First, for unknown reasons, defendant did not file a motion to reduce his sentence pursuant to Amendment 782 of the Guidelines. Amendment 782, effective November 1, 2014, revised the Drug Quantity Table in U.S.S.G. § 2D1.1 to mirror the statutory mandatory minimums for certain controlled substances, including crack cocaine. As a result, after the Fair Sentencing Act and Amendment 782, defendant's base offense level for his drug quantity dropped from 38 to 32. With the other

4

applicable enhancements, defendant's total offense level dropped from 46 to 40, lowering his Guidelines from Life to 360-Life. Moreover, because defendant's superseding indictment did not include a drug quantity, defendant's statutory maximum today would be 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). With the § 851 notice, defendant's statutory maximum would increase to 30 years' imprisonment. *Id*.

Second, defendant's age and performance while in custody warrant a sentence reduction to 360 months' imprisonment. As noted in defendant's motion, defendant has not been idle while incarcerated and has taken advantage of numerous opportunities to better himself and others. This is not to say that defendant's performance while incarcerated has been exemplary. Defendant has had the following infractions while in the BOP: possession of an unauthorized item (2020), refusing work (2016), failing to follow safety regulations (2013), possession of an unauthorized item (2011), possession of a sharp instrument (2007), destruction of bed sheets (2007), possession of gambling paraphernalia (2007), possession of a sharpened instrument (2006), and phone sex with a 14-year old girl (2005).

Additionally, defendant's criminal history includes multiple drug trafficking convictions and convictions for armed violence and unlawful use of a weapon. PSR at 7-10. Defendant's criminal history started when defendant was 18 and continued to his mid-20's when defendant engaged in the conspiracy that resulted in his current imprisonment. Defendant, however, is in his mid-50's and has served more than 20 years in prison. Defendant's accomplishments while incarcerated warrant a reduced

sentence, but defendant's criminal history and infractions while incarcerated do not warrant a sentence reduction of less than 360 months' imprisonment for Count One.

## CONCLUSION

For the reasons stated above, this Court should find that defendant is eligible for relief under the First Step Act and should reduce defendant's sentence on Count One from Life to 360 months.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  / s / Scott Paccagnini
SCOTT PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, IL 61101
(815) 987-4444

## CERTIFICATE OF FILING AND SERVICE

I, SCOTT PACCAGNINI, certify that on November 30, 2020, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION

was served pursuant to the district court's ECF system as the ECF filers.

/ s / Scott Paccagnini
SCOTT PACCAGNINI
Assistant United States Attorney
327 South Church Street, Suite 3300
Rockford, IL 61101
(815) 987-4444